UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN McKINNEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-803 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on the parties' Joint Motion for Immediate Relief under 28 U.S.C. § 2255 (Doc. 7). For the following reasons, the Court will grant the joint motion and vacate Movant Steven McKinney's sentence.

**Background**

On July 31, 2002, McKinney pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. McKinney, 4:02-cr-56-JAR-1 (E.D. Mo.) (Crim. Docket # 61). On November 22, 2002, the Honorable Donald J. Stohr sentenced McKinney to 180 months in prison and five years of supervised release, after finding that he had three previous convictions for violent felonies that supported the imposition of an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (Judgment (Crim. Doc. 77); PSR (Crim. Doc. 101.1)). As relevant, McKinney had two prior convictions for Missouri second-degree burglary, and one prior conviction for Missouri attempted second-degree burglary (PSR; Resentencing Report (Crim. Doc. 61)). The United States Court of Appeals for the Eighth Circuit affirmed McKinney's conviction and sentence on direct appeal. United States v. McKinney, 328 F.3d 993 (2003) (8th Cir. 2003). Notably, the

Eighth Circuit expressly relied on the ACCA's residual clause to conclude that McKinney's attempted second-degree burglary conviction was a "violent felony" for purposes of enhancing his sentence under the ACCA. Id. at 995.

At the time of his July 2002 felon-in-possession conviction, McKinney had been serving a term of supervised release for a 1994 conviction for being a felon in possession of a firearm. United States v. McKinney, No. 4:94-cr-269-JCH-1 (E.D. Mo. Feb. 24, 1995). On December 6, 2002, the Honorable Jean C. Hamilton determined that McKinney had violated the conditions of his supervised by release by, inter alia, possessing of a firearm and committing another federal crime. Id. (Dec. 6, 2002). Judge Hamilton revoked McKinney's supervised release, imposed a revocation sentence of 24 months in prison, and ordered that the revocation sentence run consecutively to the 180-month sentence Judge Stohr imposed in McKinney's 2002 felon-in-possession case. Id. (Jan. 9, 2003).

On May 10, 2016, the Eighth Circuit granted McKinney authorization to file this successive motion under 28 U.S.C. § 2255. McKinney v. United States, No. 16-1677 (8th Cir. May 10, 2016) (unpublished order). On June 7, 2016, McKinney filed a pro se motion to vacate, set aside, or correct his sentence (Doc. 1), which counsel thereafter amended (Doc. 5). The parties now jointly request that the Court grant McKinney relief under 28 U.S.C. § 2255, as they agree that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016) (Doc. 7).

**Discussion**

The sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is generally no more than ten years in prison. 18 U.S.C. § 924(a)(2). If however, the defendant has three prior convictions for a "violent felony," the ACCA increases the sentence in

felon-in-possession cases to a mandatory minimum of fifteen years, and maximum of life, in prison. 18 U.S.C. § 924(e).

The ACCA defines a violent felony to include any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added for "residual clause").

In <u>Johnson</u>, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process. 135 S. Ct. at 2558, 2563. Because <u>Johnson</u> announced a new substantive rule, it applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1264-65 (2016). The parties agree that, in light of <u>Johnson</u>, McKinney does not have three prior convictions for a "violent felony," as that term is defined in the ACCA; and that his ACCA-enhanced sentence is illegal, as it exceeds the unenhanced, ten-year maximum term of imprisonment otherwise authorized for his felon-in-possession conviction.

The Court concludes that McKinney's sentence is unconstitutional because it exceeds the statutorily authorized sentence for his offense of conviction. <u>Sun Bear v. United States</u>, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (sentence imposed in excess of statutory authority is illegal). The Court agrees with the parties that, in light of <u>Johnson</u> and <u>Welch</u>, McKinney's attempted second-degree burglary conviction can no longer be considered a "violent felony" under the ACCA. The Court thus concludes that McKinney has no more than two prior convictions for a "violent felony" for purposes of applying the ACCA to his July 2002 felon-in-possession conviction. The Court will thus grant the joint motion for relief. <u>See</u> 28 U.S.C. § 2255(a) (federal

3

prisoner claiming right to be released on basis that sentence exceeds the maximum authorized by law may move to vacate, set aside, or correct sentence). McKinney has waived any right he may have to personally appear before the undersigned for purposes of resentencing (Crim. Doc. 103). The Court will proceed to resentence McKinney by entering an amended judgment in his criminal case. Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion to vacate, set aside, or correct Movant Steven McKinney's sentence under 28 U.S.C. § 2255 (Doc. 7) is **GRANTED**. An amended judgment will be entered in United States v. McKinney, No. 4:02-cr-56-JAR-1. This Memorandum and Order does not disturb any sentence imposed in United States v. McKinney, No. 4:94-cr-269-JCH-1.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in United States v. McKinney, No. 4:02-cr-56-JAR-1.

**IT IS FINALLY ORDERED** that McKinney's original pro se motion for relief under 28 U.S.C. § 2255 (Doc. 1) and amended motion for relief under 28 U.S.C. § 2255 (Doc. 5) are **DENIED as moot**.

Dated this 19th day of August, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE